IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISSA BATTLE | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 21-1682 |
| | ) | |
| v. | ) | |
| | ) | District Judge W. Scott Hardy |
| MARTIN D. KAIL, | ) | Magistrate Judge Lenihan |
| JOSEPH NOVAKOWSKI, | ) | |
| DAVID A. LINCOLN, | ) | |
| SCOTT LOVE, | ) | |
| CHARLES HIGGINS, and | ) | |
| DUANE SHICK, | ) | ECF No. 24 |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Motion to Dismiss filed by Defendants Martin D. Kail, Joseph Novakowski, David A. Lincoln, Scott Love, Charles Higgins, and Duane Shick (ECF No. 24) be granted and that this case be dismissed with prejudice.

### II. REPORT

#### A. Factual Allegations

Plaintiff, Issa Battle ("Plaintiff"), brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his Fourth, Eighth and Fourteenth Amendment rights to the United States Constitution, and for violation of Article 1, § 8 of the Pennsylvania Constitution.

Plaintiff's factual allegations are found at ECF No. 4, which is an Addendum to his Complaint docketed at ECF No. 6. Plaintiff alleges that he was investigated and subsequently arrested by Defendants Martin D. Kail, Joseph Novakowski, David A. Lincoln, Scott Love, Charles Higgins, and Duane Shick (collectively "Defendants"), all members of the City of

Pittsburgh Police Department.  ECF No. 4 ¶¶ 2-16.  He alleges that the investigation commenced on September 18, 2015, and his arrest and detention occurred on September 23, 2015.  *Id.* ¶¶ 9, 12-15.

Relatedly, Plaintiff alleges that Defendant Kail had learned of the arrest of a Casey Murphy for felony charges and learned of her background as a convicted felon.  *Id.* ¶¶ 16-19. Kail also learned of the arrest of Kayla Lantzy, who was also arrested for a felony based upon information provided by Casey Murphy.  Lantzy also had a history as a convicted felon.  *Id.* ¶¶ 20-25.  A review of the Police Criminal Complaint attached to Defendants' Motion to Dismiss reveals that Murphy was the victim of a shooting by Plaintiff.  ECF No. 24-1.  Plaintiff further alleges that Defendants justified the arrest of Plaintiff by "knowingly and willfully providing deals, favors and/or leniency" to Murphy and Lantzy and by threatening them in exchange for their statements to inculpate Plaintiff.  *Id.* ¶¶ 26-33.  These statements allegedly formed the basis of the affidavit leading to Plaintiff's arrest.  *Id.* ¶ 34.  Plaintiff states that he was found not guilty of all charges in a jury trial that concluded on February 7, 2019.  *Id.* ¶ 44.

Plaintiff's Complaint was attached to his Motion for Leave to Proceed in Forma Pauperis ("IFP") at ECF No. 1 and docketed on November 18, 2021.  Importantly, the Complaint attached to the Motion for IFP is signed by Plaintiff and dated November 12, 2021.  ECF No. 1-1 at 12.

Liberally construing the Complaint and accompanying Addendum, Plaintiff alleges the following claims: Section 1983 claims for violation of the Fourth Amendment for false arrest/seizure without a valid warrant or probable cause; a conspiracy claim pursuant to § 1985, claiming that his arrest was the result of a conspiracy by Defendants; claims for false imprisonment and malicious prosecution; a substantive due process claim; and claims pursuant to

the Pennsylvania Constitution pursuant to Article 1, § 8 which mirror his federal claims.  He

seeks $13 million in damages.

The Motion to Dismiss was filed on August 24, 2022. ECF No. 24. Plaintiff filed two

Responses on August 29, 2022. ECF Nos. 31, 34. A Reply Brief was filed on September 30,

2023 (ECF No. 35) and the Motion is ripe for review.

B.  Legal Standards

The United States Court of Appeals for the Third Circuit summarized the standard to be

applied in deciding motions to dismiss filed pursuant to Rule 12(b)(6):

> Under the "notice pleading" standard embodied in Rule 8 of the
> Federal Rules of Civil Procedure, a plaintiff must come forward
> with "a short and plain statement of the claim showing that the
> pleader is entitled to relief." As explicated in *Ashcroft v. Iqbal*, 556
> U.S. 662, 678 (2009), a claimant must state a "plausible" claim for
> relief, and "[a] claim has facial plausibility when the pleaded factual
> content allows the court to draw the reasonable inference that the
> defendant is liable for the misconduct alleged." Although "[f]actual
> allegations must be enough to raise a right to relief above the
> speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,
> 555 (2007), a plaintiff "need only put forth allegations that raise a
> reasonable expectation that discovery will reveal evidence of the
> necessary element." *Fowler*, 578 F.3d at 213 (quotation marks and
> citations omitted); *see also Covington v. Int'l Ass'n of Approved
> Basketball Officials*, 710 F.3d 114, 117–18 (3d Cir. 2013).

*Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014).

In addition to the complaint, courts may consider matters of public record and other

matters of which a court may take judicial notice, court orders, and exhibits attached to the

complaint when adjudicating a motion to dismiss under Rule 12(b)(6).  *Oshiver v. Levin,

Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citing 5A Wright and

Miller, *Federal Practice and Procedure: Civil 2d,* § 1357; *Chester County Intermediate Unit v.

Pennsylvania Blue Shield,* 896 F.2d 808, 812 (3d Cir. 1990)).  A court may also consider

indisputably authentic documents. *Spruill v. Gillis,* 372 F.3d 218, 223 (3d Cir. 2004); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993); *Golden v. Cook,* 293 F. Supp.2d 546, 551 (W.D. Pa. 2003) ("[C]ourts are permitted to consider matters of which they may take judicial notice, including records and reports of administrative bodies, and publicly available records and transcripts from judicial proceedings 'in related or underlying cases which have a direct relation to the matters at issue.'") (citations omitted).

When considering pro se pleadings, a court must employ less stringent standards than when judging the work product of an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). When presented with a pro se complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). In a § 1983 action, the court must "apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution."). Notwithstanding this liberality, pro se litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See*, *e.g.*, *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).

C. Analysis

Section 1983 of the Civil Rights Act provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the

> jurisdiction thereof to the deprivation of any rights, privileges, or
> immunities secured by the Constitution and laws, shall be liable to
> the party injured in an action at law, suit in equity, or other proper
> proceeding for redress . . . .

42 U.S.C. § 1983.  To state a claim for relief under this provision, a plaintiff must demonstrate

that the conduct alleged in the complaint was committed by a person or entity acting under color

of state law and that such conduct deprived the plaintiff of rights, privileges or immunities

secured by the Constitution or the laws of the United States.  *Piecknick v. Commonwealth of*

*Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).  Section 1983 does not create rights; it

simply provides a remedy for violations of those rights created by the United States Constitution

or federal law.  *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996).

Statute of Limitations – Section 1983 generally

Defendants argue that Plaintiff's claims are barred by the statute of limitations.

The limitations period for civil actions brought under 42 U.S.C. § 1983 is determined by state

law.  Under Pennsylvania law, the applicable statute of limitations period for civil rights actions

asserted under 42 U.S.C. § 1983 is two years.  *See* 42 Pa. C.S. § 5524.   The date when a civil

rights action accrues, however, is a matter of federal law.  *Wallace v. Kato*, 549 U.S. 384, 388

(2007).  A claim accrues when the plaintiff becomes aware, or should have become aware, of

both the fact and injury and its causal connection to the defendant.  *See Delaware State College*

*v. Ricks*, 449 U.S. 250, 258 (1980) (it is the wrongful act that triggers the start of the statute of

limitations period); *Keystone Ins. Co. v. Houghton*, 863 F.2d 1125, 1127 (3d Cir. 1988) (a federal

cause of action accrues when the plaintiff is aware, or should be aware, of the existence of and

source of injury, not when the potential claimant knows or should know that the injury

constitutes a legal wrong).

Generally, the statute of limitations is an affirmative defense that must be pleaded and proved by defendants. Under well-settled Third Circuit precedent, however, a defendant may raise the statute of limitations as a defense in a motion to dismiss under Rule 12(b)(6) where the time bar is apparent on the face of the complaint. *See Robinson v. Johnson,* 313 F.3d 128, 135 (3d Cir. 2002) (noting that the so-called "Third Circuit Rule" permits a limitations defense via a Rule 12(b)(6) motion where the time bar is apparent on the face of the complaint).

Here, it is apparent from the face of the Complaint and accompanying Addendum that all of Plaintiff's claims are time-barred. Plaintiff's § 1983 claims for false arrest/seizure without a valid warrant or probable cause, conspiracy pursuant to § 1985, and false imprisonment, all would have accrued at the time that Plaintiff was detained and arrested, September 23, 2015. Therefore, as to these claims, Plaintiff's civil action must have been filed on or before September 23, 2017. Affording Plaintiff every favorable inference, including application of the mailbox rule,[1] the Court considers the earliest date possible as to when this civil action was instituted: November 18, 2021, the date that Plaintiff signed and dated his complaint. Clearly, these claims are time-barred and must be dismissed with prejudice.

As to Plaintiff's malicious prosecution claim, in order state such a claim, a plaintiff must aver, among other things, that the criminal proceedings at issue terminated in his favor. *Rose v. Bartle*, 871 F.2d 331, 348-49 (3d Cir. 1989). Therefore, for purposes of the statute of limitations, a § 1983 cause of action for malicious prosecution will not accrue until such

---

[1] The prisoner mailbox rule provides that the filings of pro se prisoners are deemed filed on the date deposited in the prison mailbox. *Houston v. Lack*, 487 U.S. 266, 270-71 (1988). Plaintiff's Complaint does not indicate when he delivered the IFP motion and complaint to prison authorities. "[W]hen applying the prisoner mailbox rule, many district courts will use the date the documents were signed as the presumed delivery date in cases where there is no clear record of delivery to prison officials." *Wareham v. Pa. Dep't of Corr.*, Civil Action No 2:13-cv-188, 2013 WL 4523616, at*13 (W.D. Pa. Aug. 27, 2013). *See Pearson v. Sec'y Dep't of Corr.,* 775 F.3d 598, 600 n.2 (3d Cir. 2015) (applying rule in § 1983 action and determining that pro se prisoner plaintiff filed complaint on date he signed it).

favorable termination.  *Id*. (plaintiff would not know or have reason to know of injury that forms basis of claim for malicious prosecution until underlying criminal proceedings are favorably terminated).

Here, according to Plaintiff, the underlying criminal proceedings terminated in his favor on February 7, 2019.  Consequently, for Plaintiff's Complaint to be timely, it would have to be considered filed no later than February 7, 2021.  Plaintiff's Complaint attached to his Motion for IFP dated November 12, 2021, is clearly untimely.  Therefore, Plaintiff's malicious prosecution claim must also be dismissed.[2]

State Law Claims

Plaintiff also attempts to make out claims pursuant to the Pennsylvania Constitution. These claims too must fail as "[i]t has been widely held that the Pennsylvania Constitution does not provide a direct right to damages."  *Kaucher v. Cnty. of Bucks*, No. CIV. A. 03-1212, 2005 WL 283628, at *11 (E.D. Pa. Feb. 7, 2005) (collecting cases).

Futility of Amendment

If a court determines that a civil rights complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), the Court must give the plaintiff an opportunity to amend the complaint, even if not requested, unless such amendment involves bad faith, would cause undue delay or prejudice, or would be futile.  *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (prisoner civil rights

---

[2] In his response, Plaintiff argues that he gave notice to Mayor Peduto via a letter dated January 15, 2020, and that this notice "stopped the clock" on the running of the statute of limitations.  ECF No. 31-1 at 1-2.  As noted by Defendants in their reply brief (ECF No. 35 at 4-6), Plaintiff appears to be referring to 42 Pa. Cons. Stat. Ann. § 5522 which sets out a notice prerequisite to actions against a government unit in the Commonwealth.  The notice must be sent to "the office of the government unit" six (6) months from the injury or accrual of the action.  If notice is untimely, any civil action filed will be dismissed.  42 Pa. Cons. Stat. Ann. § 5522 (a)(1) & (2).  Plaintiff's claims accrued in 2015 and on February 7, 2019.  Even if this state statute applies to Plaintiff's §§ 1983 and 1985 claims, Plaintiff's notice to the government unit was untimely.  Although Plaintiff attaches letters to his responsive brief relating to this argument, the Court is not considering them because they are irrelevant to its analysis.

case).  Thereafter, the court of appeals reaffirmed this position in *Phillips v. County of Allegheny,* where it ruled that if a district court is dismissing a claim pursuant to 12(b)(6) in a civil rights case, it must sua sponte "permit a curative amendment unless such an amendment would be inequitable or futile." 515 F.3d 224, 245 (3d Cir.2008).

Here, because Plaintiff's claims are clearly time-barred, any attempt to amend would be futile as a matter of law.[3]  Therefore, the Court recommends that Plaintiff's civil action be dismissed in its entirety with prejudice.

III.  CONCLUSION

For the reasons discussed above, it is respectfully recommended that the Motion to Dismiss filed by Defendants Martin D. Kail, Joseph Novakowski, David A. Lincoln, Scott Love, Charles Higgins, and Duane Shick (ECF No. 24) be granted and that the case be dismissed with prejudice.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections.  Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto.  Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: November 28, 2022

BY THE COURT

Lisa Pupo Lenihan
UNITED STATES MAGISTRATE JUDGE

---

[3] Consequently, the Court will not consider the parties' arguments in the alternative concerning failure to state a claim and qualified immunity.

cc: ISSA BATTLE
37857-068
Gilmer Federal Correctional Institution
Inmate Mail/Parcels
P.O. BOX 6000
GLENVILLE WV  26351