IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISSA BATTLE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 21-1682 |
| | ) | |
| v. | ) | |
| | ) | District Judge W. Scott Hardy |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| MARTIN D. KAIL, JOSEPH | ) | |
| NOVAKOWSKI, DAVID A. LINCOLN, | ) | |
| SCOTT LOVE, CHARLES HIGGINS, | ) | |
| and DUANE SHICK, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

This matter comes before the Court on Plaintiff's Objections (Docket No. 40) to the Report & Recommendation (Docket No. 39, ("R&R")) of Magistrate Judge Lisa Pupo Lenihan, entered on November 28, 2022. The R&R recommends that Defendants' Motion to Dismiss Complaint (Docket No. 24), filed on August 2, 2022, be granted, that the Complaint in this case be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted, and that leave to amend not be granted as any amendment would be futile. (Docket No. 39 at 1, 8). The R&R was sent to Plaintiff via U.S. Mail, and Plaintiff filed timely Objections to the R&R (Docket No. 40) on December 8, 2022.

Plaintiff objects to the recommendation that the Court dismiss his Complaint, which purports to state claims pursuant to 42 U.S.C. § 1983, alleging violations of his rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution, and claims mirroring his federal claims under Article 1, § 8 of the Pennsylvania Constitution. (Docket Nos.

1

4, 6).[1]  All of Plaintiff's claims are related to a criminal investigation of him and his arrest and detention, which led to a jury trial in which he was found not guilty of all charges. (*Id.*). According to Plaintiff's Objections to the R&R, the Court should reject the recommendation that his Complaint be dismissed because, unlike Judge Lenihan, the Court should find that his claims are not barred by the applicable statutes of limitations. (Docket No. 40).  Plaintiff contends that Judge Lenihan's conclusion that his claims are time-barred is erroneous mainly because he gave appropriate timely notice of his claim to Mayor Bill Peduto, the pandemic and the U.S. Postal Service caused disarray, and Plaintiff could not make any claim until the outcome of his case on February 7, 2019.  (*Id.* at 2-3).

In resolving a party's objections, the Court conducts a *de novo* review of any part of the R&R that has been properly objected to.  *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).  The Court may accept, reject, or modify the recommended disposition, as well as receive further evidence or return the matter to the magistrate judge with instructions.  *See id.*  Upon careful *de novo* review of Plaintiff's Complaint and Addendum, Defendants' Motion to Dismiss Complaint and the parties' filings in support and in opposition, the R&R and Plaintiff's Objections to the R&R, as well as the entire record, the Court concludes that Plaintiff's Objections do not undermine the R&R's recommended disposition.

In so finding, the Court agrees with Judge Lenihan's finding that Plaintiff's claims are time-barred. (Docket No. 39 at 6).  The Court agrees that Plaintiff's Section 1983 claims for false arrest/seizure without a warrant or probable cause, conspiracy pursuant to Section 1985, and false

---

[1] The R&R refers to Plaintiff's factual allegations as found in his Complaint (Docket No. 6) and the Addendum to his Complaint (Docket No. 4) in liberally construing Plaintiff's claims.

imprisonment all would have accrued when he was arrested and detained on September 23, 2015, and that his civil action had to have been filed within two years after that date, or by September 23, 2017. (*See id.*). The Court also agrees that, as to Plaintiff's malicious prosecution claim, because the underlying criminal proceedings terminated in his favor on or about February 7, 2019, Plaintiff had to have filed his claim within two years after that date, or by February 7, 2021. (*See id.* at 6-7). Furthermore, the Court agrees that, even if 42 Pa. Stat. & Cons. Stat. § 5522 applies to Plaintiff's claims under Sections 1983 and 1985, and even if Plaintiff did give the required notice to Mayor Peduto in his letter dated January 15, 2020, such notice did not toll the statute of limitations for the claims at issue here. (*See id.* at 7 n.2). *See also Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014) (holding that 42 Pa. Stat. & Cons. Stat. § 5522 says nothing about tolling the applicable limitations periods, and declining to expand it to save the plaintiff's untimely claims); *McGarrey v. Marquart*, No. 02:07-cv-1556, 2010 WL 235115, at *7 (W.D. Pa. Jan. 12, 2010) (noting that Pennsylvania courts have held that a letter sent pursuant to 42 Pa. Stat. & Cons. Stat. § 5522 is not sufficient to halt the running of a statute of limitations). Finally, the Court agrees that, because Plaintiff's claims are clearly time-barred, any attempt to amend the Complaint would be futile, so dismissal with prejudice is appropriate here.[2] (*See id.* at 7-8).

---

[2] Although Plaintiff does not specifically challenge such finding, the Court also agrees with Judge Lenihan's conclusion that, to the extent the Complaint alleges claims for damages pursuant to the Pennsylvania Constitution, those claims also must fail because it has not been held that the Pennsylvania Constitution provides a direct right to damages. (*See* Docket No. 39 at 7). As any attempt to amend such claims would be futile, to the extent Plaintiff asserts claims for damages pursuant to the Pennsylvania Constitution, such claims will also be dismissed with prejudice for failure to state a claim under Rule 12(b)(6).
    Furthermore, although Plaintiff lists the pandemic, a lockdown situation and mail issues generally in his Objections, he provides no explanation as to how such factors affected his filings. The Court also notes that any delay that these factors could have added does not appear to have contributed in any material way to the lateness of Plaintiff's filings here, and that Plaintiff has evidently not been prevented from filing various items in this matter and participating in his case in a timely manner.

Thus, the Court agrees with Judge Lenihan's conclusion that Plaintiff has not stated a claim upon which relief can be granted, and that further amendment is futile. Accordingly, the Court enters the following Order:

AND NOW, this 13th day of February, 2023,

IT IS HEREBY ORDERED that Plaintiff's Objections to the R&R (Docket No. 40) are OVERRULED, and the R&R (Docket No. 39) is ADOPTED as the Opinion of the Court.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss Complaint (Docket No. 24) is GRANTED pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted, and Plaintiff's claims are DISMISSED WITH PREJUDICE for the reasons set forth in the R&R.

IT IS FURTHER ORDERED that the Clerk of Court shall mark this case CLOSED.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record
       Issa Battle (via U.S. Mail)